COX FRICKE LLP
A LIMITED LIABILITY LAW PARTNERSHIP LLP
JOACHIM P. COX (7520)
jcox@cfhawaii.com
RANDALL C. WHATTOFF (9487)
rwhattoff@cfhawaii.com
800 Bethel Street, Suite 600
Honolulu, Hawaiʻi 96813
Telephone:  (808) 585-9440
Facsimile:  (808) 275-3276

MUNGER, TOLLES & OLSON LLP
BRAD D. BRIAN (*pro hac vice* forthcoming)
brad.brian@mto.com
NICHOLAS D. FRAM (*pro hac vice* forthcoming)
nicholas.fram@mto.com
350 South Grand Avenue 50th Floor
Los Angeles, California 90071
Telephone:  (213) 683-9100
Facsimile:  (213) 687-3702

Attorneys for Defendants
HAWAIIAN ELECTRIC COMPANY, INC.,
MAUI ELECTRIC COMPANY, LIMITED,
HAWAII ELECTRIC LIGHT COMPANY, INC.,
and HAWAIIAN ELECTRIC INDUSTRIES, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| SHANNON MANIBOG, et al., | Case No.      1:23-cv-530 |
| Plaintiffs, | **NOTICE OF REMOVAL** |
| vs. | Hawaii State Court Case No. 2CCV-23-0000345 |
| HAWAIIAN ELECTRIC COMPANY, INC., et al., | |
| Defendants. | |

## NOTICE OF REMOVAL

Defendants Hawaiian Electric Industries, Inc., Maui Electric Company, Limited, Hawaiian Electric Company, Inc., and Hawaii Electric Light Company, Inc. (collectively "Hawaiian Electric Defendants") by and through their counsel, hereby give notice of removal of this action, pursuant to 28 U.S.C. §§ 1369, 1441(e), and 1446, from the Circuit Court of the Second Circuit, State of Hawaii, to the United States District Court for the District of Hawaii.

## PRELIMINARY STATEMENT

1.      In this action, Plaintiffs seek to hold a variety of parties, including the Hawaiian Electric Defendants, liable for damages allegedly caused by the August 8, 2023 fire in Lahaina (the "Lahaina Fire").  At least 70 similar actions have been filed seeking damages arising out of the same fire against numerous defendants, including Hawaii and non-Hawaii citizens.  In the past month, other defendants, including the Trustees of the Estate of Bernice Pauahi Bishop ("Kamehameha Schools" or "KS"), have removed multiple actions concerning the fire to the United States District Court for the District of Hawaii.  *See, e.g.*, *Naki v. State of Hawaii*, Case No. 1:23-cv-00435-JAO-WRP (D. Hawaii) (removed by Kamehameha Schools); *Burnes v. Hawaiian Elec. Co., Inc*., Case No. 1:23-cv-00452-LEK-RT (D. Hawaii) (removed by Kamehameha Schools); *Eder v. Maui Electric Company, Ltd.*, Case No. 1:23-cv-00459-JAO-WRP (D. Hawaii) (removed

by Spectrum Oceanic LLC); *Sheikhan v. Hawaiian Electric Co.*, Case No. 1:23-cv-00460-JAO-WRP (D. Hawaii) (removed by Charter Communications, Inc. and Time Warner Cable Information Services (Hawaii), LLC).

2.      Coordinating all of the litigation arising on account of the Lahaina Fire in a single court, to the degree feasible, is essential.  It will create efficiencies for the court system and the parties.  Having different cases in different courts could lead to inconsistent rulings, conflicting deadlines, burdensome and duplicative discovery, and other inefficiencies that would complicate the litigation. The United States District Court for the District of Hawaii draws statewide juries and is well equipped to handle the volume of cases that have and will be filed. Because it promotes efficiency and judicial economy for all of the actions arising out of the Lahaina Fire to be heard in the same forum, the Hawaiian Electric Defendants, following the actions of other defendants, remove this action to federal court.

3.      Federal court jurisdiction over this action is proper pursuant to the Multiparty, Multiforum, Trial Jurisdiction Act ("MMTJA"), 28 U.S.C. §§ 1369, 1441(e).  That act provides original jurisdiction in federal court for any civil action involving minimal diversity that arises from a "single accident, where at least 75 natural persons have died in the accident at a discrete location," provided*, inter alia*, that "a defendant resides in a State and a substantial part of the accident took place in another State" or "any two defendants reside in different States."  28

U.S.C. § 1369(a).  The MMTJA also provides supplemental jurisdiction for any

action related to an action for which there is original jurisdiction under Section

1369: that is, it permits a defendant to remove any pending state action to federal

court if "the defendant is a party to an action which is or could have been brought,

in whole or in part, under section 1369 in a United States district court and arises

from the same accident as the action in State Court . . . ." 28 U.S.C.

§ 1441(e)(1)(B).

4.    Here, at least three actions in which the Hawaiian Electric Defendants

are parties—*Burnes*, *Eder*, and *Sheikhan*—have been removed to federal court

under the MMTJA.  The present action plainly arises out of the same accident—the

Lahaina Fire.  Thus, under Section 1441(e), removal of this and all cases arising

out of the Lahaina Fire is proper.

5.    Removal is consistent with the purpose of the MMTJA.  "[T]he

MMTJA was designed to ameliorate the restrictions on the exercise of federal

jurisdiction that ultimately forced parties in multiple suits arising from the same

disaster to litigate in several fora."  *Wallace v. Louisiana Citizens Prop. Ins. Corp.*,

444 F.3d 697, 702 (5th Cir. 2006).  The Hawaiian Electric Defendants' decision to

remove this case to federal court in order to consolidate the actions arising out of

the Lahaina Fire in a single forum—Hawaii District Court—is exactly the sort of

action contemplated, and effectuated, by the MMTJA.  *See Passa v. Derderian*,

308 F. Supp. 2d 43, 53–54 (D.R.I. 2004) ("[I]t is clear that in enacting § 1369,

Congress intended to create a mechanism whereby litigation stemming from one major disaster could easily be consolidated in one federal court for discovery and trial.").

### PLAINTIFFS' COMPLAINT CONCERNS THE LAHAINA FIRE

6.       Plaintiffs filed this action on October 30, 2023 in the Circuit Court of the Second Circuit, State of Hawaiʻi.  The operative complaint at the time of removal is the complaint filed on October 30th, attached hereto as Exhibit 1 (hereafter, "Complaint" or "Compl.").  As plaintiffs, the Complaint names Shannon Manibog and Brandy Manibog, individually and on behalf of the Estate of Lynn Misae Manibog and minors E.S., H.P., and K.W.  As defendants, the Complaint names the Hawaiian Electric Defendants, KS, the County of Maui, and Doe Defendants 1-10.

7.       Plaintiffs allege that on August 8, 2023, the Lahaina Fire destroyed the town of Lahaina, causing at least 98 people to lose their lives.  Compl. ¶ 3. Plaintiffs allege that the Lahaina Fire ignited at a single location due to "a downed power line . . . at its area of origin on [KS] land."  *Id.* ¶¶ 3-4; *see also id.* ¶ 69 ("At approximately 6:37 a.m. on August 8, 2023, residents reported a brush fire near Lahainaluna Road at the intersection of Hoʻokahua Street ('Area of Origin').").  Plaintiffs allege that the Lahaina Fire caused deaths, property damage, and emotional harm.  *Id.* ¶¶ 3, 14.  Plaintiffs seek to hold Defendants liable for their damages from the fire.  *Id.* ¶ 10.

8.    Plaintiffs allege that Defendants played various roles in purportedly causing the Lahaina Fire.  They allege that Defendants did not de-energize their power lines or implement fire mitigation measures, such as by adopting a Public Safety Power Shutoff program.  *Id.* ¶¶ 61-62, 68.  They allege that Defendants did not properly maintain their electrical infrastructure.  *Id.* ¶¶ 59, 76.  They allege that KS let its land go unmanaged and overgrown, and that KS did not implement adequate fire mitigation measures. *Id.* ¶¶ 51-52.  And they allege that the County of Maui did not activate its emergency sirens during the Lahaina Fire and also delayed implementing wireless emergency notifications.  *Id.* ¶ 75.

9.    Plaintiffs bring claims for negligence (Count I, against all Defendants); negligence per se (Count II, against Hawaiian Electric Defendants); gross negligence (Count III, against Hawaiian Electric Defendants and KS); private nuisance (Count IV, against Hawaiian Electric Defendants and KS); public nuisance (Count V, against Hawaiian Electric Defendants and KS); trespass to chattel (Count VI, against Hawaiian Electric Defendants and KS); strict liability (Count VII, against Hawaiian Electric Defendants), inverse condemnation (Count VIII, against Hawaiian Electric Defendants), wrongful death and survival (Count IX, against all Defendants), and negligent infliction of emotional distress (Count X, against all Defendants).

## REMOVED ACTIONS ARISING OUT OF THE LAHAINA FIRE

10.    Three actions arising out of the Lahaina Fire that name the Hawaiian Electric Defendants as defendants were recently removed to the United States District Court for the District of Hawaii by other parties.[1]

11.    On November 6, 2023, the putative class action *Burnes v. Hawaiian Electric Co., Inc*. was removed to federal court.  The named plaintiffs in *Burnes* purport to bring a class action on behalf of "[a]ll individuals and businesses that, as of August 8, 2023, owned or resided on real property in Lahaina, Ka'anapali, Honokowai, Kahana, Napili, and Kapalua . . . and suffered real property, personal property, and/or business losses from the Lahaina Fire."  *See Burnes v. Hawaiian Elec. Co., Inc*., Case No. 1:23-cv-00452-LEK-RT (D. Hawaii), Dkt. No. 1-2 ["*Burnes* Complaint"] ¶ 72; *id.* Dkt. No. 1 ["*Burnes* Notice of Removal"] ¶ 2.  The Hawaiian Electric Defendants are also named as defendants in *Burnes*.  *See generally Burnes* Compl.  The *Burnes* notice of removal is based on both the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d)(2) and 1453(b), and the MMTJA.  *See generally Burnes* Notice of Removal.

12.    On November 14, 2023, the putative class action *Eder v. Maui Electric Company, Ltd.* was removed to federal court.  The named plaintiffs in

---

[1] A fourth action, *Naki*, was removed by Kamehameha Schools.  Although *Naki* also arises out of the same accident as *Burnes*, *Eder*, and *Sheikhan*, it did not name the Hawaiian Electric Defendants as defendants.

*Eder* purport to bring a class action on behalf of all persons and entities who suffered (1) real property loss, (2) personal property loss, (3) business loss, and/or (4) personal injury as a result of the Lahaina Fire that started on August 8, 2023. Ex. 2 [Eder Second Amended Complaint ("*Eder* Complaint")] ¶ 154; Ex. 3 ["*Eder* Notice of Removal"] at 4.[2]  The Hawaiian Electric Defendants are also named as defendants in *Eder*.  *Eder* Compl.  The *Eder* notice of removal is based on both the CAFA and the MMTJA.  *See generally Eder* Notice of Removal.

13.    On November 14, 2023, *Sheikhan v. Hawaiian Electric Co.* was removed to federal court.  The plaintiffs, three individuals, bring claims for property damage and emotional distress allegedly arising out of the August 8, 2023 Lahaina Fire, including claims for negligence, negligent infliction of emotional distress, premises liability, private nuisance, and public nuisance against the Hawaiian Electric Defendants.  *See Sheikhan v. Hawaiian Elec. Co.*, Case No. 1:23-cv-00460 (D. Hawaii), Dkt. No. 1-2 ["*Sheikhan* Complaint"].  The *Sheikhan* notice of removal is based solely on the MMTJA.  *Id.*, Dkt. No. 1 ["*Sheikhan* Notice of Removal"] ¶¶ 8-20.

**GROUNDS FOR REMOVAL**

---

[2] For ease of review, the Hawaiian Electric Defendants have attached as exhibits hereto the operative complaint in this action, the operative complaint in *Eder*, and the notice of removal in *Eder*.  They have otherwise cited to docket entries in other removed cases.

## I.    Removal Is Proper Under The MMTJA[3]

14.    Under the MMTJA, "district courts shall have original jurisdiction of any civil action involving minimal diversity between adverse parties that arises from a single accident, where at least 75 natural persons have died in the accident at a discrete location," if the case also meets one of the following three criteria:

> (1) a defendant resides in a State and a substantial part of the accident took place in another State or other location, regardless of whether that defendant is also a resident of the State where a substantial part of the accident took place;
>
> (2) any two defendants reside in different States, regardless of whether such defendants are also residents of the same State or States; or
>
> (3) substantial parts of the accident took place in different States.

28 U.S.C. § 1369(a).  Additionally, a district court "shall abstain" from hearing such a case if:

> (1) the substantial majority of all plaintiffs are citizens of a single State of which the primary defendants are also citizens; and
>
> (2) the claims asserted will be governed primarily by the laws of that State.

*Id.*

---

[3] 28 U.S.C. § 1446(a) requires only that the Hawaiian Electric Defendants plausibly allege federal jurisdiction; a removal notice "need not [offer] evidentiary submissions." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84 (2014).

15.    Under 28 U.S.C. § 1441(e), a defendant may remove any pending state action to federal court if the action either "could have been brought in a United States district court under section 1369" or "the defendant is a party to an action which is or could have been brought, in whole or in part, under section 1369 in a United States district court and arises from the same accident as the action in State court . . . ." §§ 1441(e)(1)(A), (B).  Any action removed under Section 1441(e) "shall be deemed to be an action under section 1369 . . . ."  § 1441(e)(5). Where removal is based on Section 1441(e)(1)(B), it is not necessary that "original federal subject matter jurisdiction . . . exist"; that provision, instead, "establishes supplemental jurisdiction" by "piggy-backing jurisdiction on the district court's original jurisdiction under § 1369(a)."  *Wallace*, 444 F.3d at 702.

16.    Here, removal is proper because (1) *Eder*, *Burnes*, and *Sheikhan* are all, independently, actions that "could have been brought, in whole or in part, under section 1369" and (2) they arise out of the same accident as the instant case, the Lahaina Fire.

**A**.    ***Eder* Is An Action That Could Have Been Brought Under Section 1369**

17.    As further set out in the *Eder* notice of removal, *Eder* was properly removed under § 1441(e)(1)(A), as it satisfies each requirement for original subject matter jurisdiction under Section 1369: it is (1) a minimally diverse action, (2) arising out of a single accident at a discrete location in which over 75 people died,

and (3) at least one defendant resides in one state and a substantial part of the accident occurred in another state, and/or any two defendants reside in different states.  Additionally, the mandatory abstention provision of Section 1369 does not apply.

18.     First, minimal diversity exists in *Eder*.  *See Eder* Notice of Removal ¶¶ 33-39 (citing 28 U.S.C. §§ 1369(a), 1369(c)(1)); *see* 28 U.S.C. § 1369(c)(1) ("[M]inimal diversity exists between adverse parties if any party is a citizen of a State and any adverse party is a citizen of another State . . . .").  The named plaintiffs in *Eder* include persons domiciled in Hawaii who are therefore Hawaii citizens.  *See Eder* Compl. ¶¶ 13-38; *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (citizenship is determined by "state of domicile").  One of the Defendants in *Eder*, Spectrum Oceanic, LLC ("Spectrum"), is a Delaware limited liability company with its principal place of business in Missouri, and its owners/members are citizens of Delaware, Connecticut, and New York.  *See Eder* Notice of Removal ¶ 20; *see also Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("[A]n LLC is a citizen of every state of which its owners/members are citizens.").  Because the *Eder* plaintiffs and Spectrum are citizens of different states, minimal diversity exists.

19.     Second, the case "arises from a single accident, where at least 75 natural persons have died in the accident at a discrete location."  28 U.S.C. § 1369(a).  The claims in *Eder* arise out of the Lahaina Fire, a "single accident."

11

Plaintiffs in *Eder* allege that the Lahaina Fire had a single "Area of Origin" near Pole Number 7A near the intersection of Lahainaluna Road and Ho'okahua Street. *Eder* Compl. ¶¶ 110-13, 115-16, 135-39.  They allege that, in this area, Pole Number 7A broke and fell to the ground as a result of high winds and, just after 6:00 a.m., ignited a brush fire.  *Id.* ¶¶ 139-41.  Lahaina, in turn, is a small town on the island of Maui, and clearly a discrete location.  It is undisputed, and the plaintiffs in *Eder* allege, that at least 75 natural persons died in the Lahaina Fire. *See Eder* Notice of Removal ¶¶ 35-37; *Eder* Compl. ¶ 9.

20.    Third, because Spectrum is not a citizen of Hawaii, at least one "defendant" in *Eder* "resides in a State [not Hawaii] and a substantial part of the accident took place in another State or location [Hawaii], regardless of whether that defendant [Spectrum] is also a resident of the State where a substantial part of the accident took place [Hawaii]."  *Eder* Notice of Removal ¶ 38 (citing 28 U.S.C. § 1369(a)); *id.* § 1369(c)(2) ("a corporation . . . is deemed to be a resident of any State in which it is incorporated or licensed to do business or is doing business").[4]

21.    Fourth, the MMTJA's mandatory abstention provision does not apply. In *Eder*, it is not the case that "the substantial majority of all plaintiffs are citizens

---

[4] Similarly, "any two defendants reside in different States, regardless of whether such defendants are also residents of the same State or States."  *Id.* ¶ 39 (citing 28 U.S.C. § 1369(a)(2)).  Spectrum is not a Hawaii citizen (*see Eder* Rule 7.1 Disclosure Statement, No. 1:23-cv-00459-JAO-WRP (D. Hawaii), Dkt. No. 2**)**; the Hawaiian Electric Defendants are.  *See* Rule 7.1 Disclosure Statement.

of a single State *of which the primary defendants are also citizens*; and [] the claims asserted will be governed by the laws of that State."  28 U.S.C. § 1369(b)(1), (2) (emphasis added).  A primary defendant, under Section 1369, is any defendant who is alleged to be directly liable for damages.  *See Passa*, 308 F. Supp. 2d at 62.  The language "the primary defendants" means *all* such defendants.  *See, e.g.*, *Woods v. Standard Ins. Co.*, 771 F.3d 1257, 1263–64 (10th Cir. 2014); *Frazier v. Pioneer Americas LLC*, 455 F.3d 542, 546–47 (5th Cir. 2006).  Therefore, if any defendant who is alleged to be directly liable for damages is a citizen of a different state from the one where the substantial majority of plaintiffs are citizens (here, Hawaii) and/or the one that will primarily supply the governing law for the claims (again, Hawaii), the mandatory abstention provision cannot apply.  The Complaint in *Eder* alleges, *inter alia*, that Spectrum, which is not a citizen of Hawaii, "had [a] license[] to use Hawaii[an] Electric's poles and destabilized the poles with [its] own cables," and is directly liable for damages arising out of the Lahaina Fire.  *Eder* Notice of Removal ¶ 6 (quoting *Eder* Compl. ¶¶ 5, 129-30, 136)).  Thus, at least one "primary defendant[]" is not a citizen of Hawaii, and the mandatory abstention provision does provide a basis for remand of *Eder*. 28 U.S.C. § 1369(b)(1).

**B.**    ***Burnes* And *Sheikhan* Are Actions That Could Have Been Brought Under Section 1369**

13

22.    *Burnes* and *Sheikhan* also independently permit removal of this action under Section 1441(e).

23.    As further set out in the *Burnes* notice of removal, *Burnes* arises from the same accident—the Lahaina Fire—as an earlier case removed to federal court under the MMTJA (to which the Hawaiian Electric Defendants are not parties), *Naki v. State of Hawaii*, Case No. 1:23-cv-00435-JAO-WRP (D. Hawaii).  *See Burnes* Notice of Removal ¶¶ 23-28.  The removing defendants in *Burnes*, the Trustees of the Estate of Bernice Pauahi Bishop, are also defendants in *Naki*.  *See id.* ¶ 25.  As such, *Burnes* was properly removed under 28 U.S.C. § 1441(e)(1)(B), and is an "action under section 1369."  28 U.S.C. § 1441(e)(5).

24.    Similarly, *Sheikhan* was properly removed under Section 1441(e)(1)(A), because (1) at the time of removal, the parties are minimally diverse; (2) it "arises from a single accident, where at least 75 natural persons have died in the accident at a discrete location," the Lahaina Fire, 28 U.S.C. § 1369(a); (3) defendants at the time of removal, Charter Communications, Inc. and Time Warner Cable Information Services (Hawaii), LLC, as well as a defendant substituted in thereafter, Spectrum, are non-Hawaii residents, meaning that at least one defendant resides outside of Hawaii, *id.*; and (4) these defendants are "primary defendants" under § 1369(c).  *See generally Sheikhan* Notice of Removal.

**C.    This Action Arises From The Same Accident As *Eder, Burnes*, And *Sheikhan***

14

25.    This case arises from the same accident as *Eder, Burnes*, and *Sheikhan*, cases that also seek damages allegedly caused by the Lahaina Fire.  *See Burnes* Compl.; *Eder* Compl.; *Sheikhan* Compl.  Similarly, here, as described above, Plaintiffs' claims arise from the Lahaina Fire.  The Hawaiian Electric Defendants are defendants in *Eder*, *Burnes*, and *Sheikhan*; therefore removal is proper under 28 U.S.C. § 1441(e)(1)(B), which permits removal of all cases that "arise[] from the same accident" as the actions in federal court, "even if the action to be removed could not have been brought in a district court as an original matter."

**D.    All Procedural Requirements For Removal Are Met**

26.    **Venue.**  Venue is proper in this Court pursuant to 28 U.S.C. §§ 1441(a) & (e) because the Circuit Court from which this case was removed is located within the District of Hawaii.

27.    **Timeliness.**  Under 28 U.S.C. § 1441(e)(1), this Notice of Removal may be filed within 30 days of the defendant "first becom[ing] a party to an action under section 1369 in a United States district court that arises from the same accident as the action in State court, or at a later time with leave of the district court."  *Burnes* was removed on November 6, 2023, and *Eder* and *Sheikhan* were removed on November 14, 2023.  Prior to *Burnes*, the Hawaiian Electric parties were not parties to any action "under section 1369 in a United States district court."  *Id.*  Accordingly, removal is timely.

28.    **Consent.**  Hawaiian Electric Defendants are not required to notify or obtain the consent of any other defendant in this action for removal under the MMTJA.  *See Pettitt v. Boeing Co.*, 606 F.3d 340, 343 (7th Cir. 2010).

29.    **Service.**  Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be served upon all parties to this action via the Court's Case Management/Electronic Case Files (CM/ECF) system, and a copy will promptly be filed with the Clerk of the Circuit Court from which this case is being removed.  In addition, a copy of the Notice of Removal will also be served on each party via the State Court's Judiciary Electronic Filing and Service System (JEFS).

30.    **State Court Record.**  Pursuant to 28 U.S.C. § 1446(a), a removing defendant must attach "a copy of all process, pleadings, and orders served upon such defendant or defendants in such action."  In this case, the Hawaiian Electric Defendants have not yet been served with the complaint, and the state docket is confidential (because the Complaint names concerns minor plaintiffs).   Hawaiian Electric Defendants have attached and cited to the Complaint itself, as it is available on public databases and does not include the names of the minor plaintiffs.  The rest of the state docket is not included.

31.    By filing a Notice of Removal, the Hawaiian Electric Defendants do not waive the rights of any Defendant to object to service of process, the sufficiency of process, jurisdiction over the person, or venue; and they reserve the

rights of all Defendants to assert any defenses or objections to which they may be entitled.

32.     The Hawaiian Electric Defendants reserve the right to amend or supplement this Notice of Removal.


WHEREFORE, pursuant to MMTJA, the Hawaiian Electric Defendants hereby remove this action to the United States District Court for the District of Hawaii.

DATED:  Honolulu, Hawaiʻi, December 5, 2023.

/s/ Joachim P. Cox
JOACHIM P. COX
RANDALL C. WHATTOFF

Attorneys for Defendants
HAWAIIAN ELECTRIC COMPANY,
INC., MAUI ELECTRIC COMPANY,
LIMITED, HAWAII ELECTRIC LIGHT
COMPANY, INC., and HAWAIIAN
ELECTRIC INDUSTRIES, INC.